**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

GULF DRIVE PROPERTIES, LLC,

     Plaintiff,

v.                                                          Case No.  5:21-cv-191-TKW/MJF

FINISHLINE CONSTRUCTION
MANAGEMENT, LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This is an action to evict a tenant from real property. On October 18, 2021, the undersigned ordered Defendant to show cause why this case should not be remanded to state court for lack of subject-matter jurisdiction. Defendant never responded to that order. Because the District Court lacks subject-matter jurisdiction, the District Court should remand this case to the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

### I. BACKGROUND

On July 15, 2021, Plaintiff Gulf Drive Properties, LLC commenced an eviction proceeding against Defendant Finishline Construction Management, LLC in the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. *Gulf Drive Props., LLC v. Finishline Constr. Mgmt., LLC*, No. 21CC001897

(Fla. Bay Cnty. Ct. July 15, 2021). Plaintiff alleged that Defendant failed to pay rent timely.

On September 17, 2021, Defendant removed this civil proceeding to the United States District Court for the Northern District of Florida. In its notice of removal, Defendant argued that the case can be removed on the basis of federal-question jurisdiction insofar as, Defendant asserts, the state court proceedings are "occurring in violation of the [sic] and the Respondent's service of process is Unconstitutional with respect to the 'Due Process Clauses' 14th Amendment with defective service and violation of CDC, WHITE HOUSE AND FEDERAL REGISTER STANDING ORDERS REGARDING NATION WIDE EVICTION MORATORIUMS." Doc. 1 at 2.

## II. DISCUSSION

Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured of its subject-matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). Indeed, a federal court must "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *see Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). A defendant may remove a civil case from state court to a federal court provided that the case initially could have been brought in federal court. *See* 28

Page 2 of 9

U.S.C. § 1441(a). A district court, however, must remand a case "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, Defendant has failed to establish that the District Court enjoys diversity-of-citizenship jurisdiction or federal-question jurisdiction.

**A.      Defendant Failed to Demonstrate Diversity-of-Citizenship Jurisdiction**

Federal courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In order to have complete diversity, every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

A limited liability company ("LLC") "is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestream Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners). To allege the citizenship of an LLC, therefore, a defendant must "list the citizenship of all the members of the [LLC]." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Page 3 of 9

Here, Plaintiff and Defendant are both LLCs. Defendant in its "civil cover sheet" notes that the parties are citizens of the same state. Doc. 1-4 at 3. Defendant failed to identify the citizenship of each member of the respective LLCs. Defendant, therefore, failed to carry its burden of establishing diversity of citizenship because Defendant failed to allege the citizenship of each member of the respective LLCs. *Rolling Greens MHP, L.P.*, 374 F.3d at 1022 (holding the failure to "list the citizenships of all the members of the [LLC]" means that the defendant failed "to carry its burden of establishing diversity of citizenship"). Additionally, even based on the conclusory statement in Defendant's "civil cover sheet," the parties appear to be citizens of the same state, which would preclude the District Court from exercising diversity-of-citizenship jurisdiction. *Triggs*, 154 F.3d at 1287. Thus, Defendant has not adequately met its burden of pleading diversity-of-citizenship jurisdiction.

**B.      Defendant Failed to Demonstrate Federal-Question Jurisdiction**

Article III of the United States Constitution empowers Congress to give federal courts jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. art. III, § 2, cl. 1. The Supreme Court has broadly construed the "arising under" language of Article III to extend "to all cases in which a federal question is 'an ingredient' of the action." *Merrell Dow Pharm.*

*Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (quoting *Osborn v. Bank of United States*, 22 U.S. (9 Wheat.) 738, 823 (1824)).

In bestowing general federal-question jurisdiction on federal courts, Congress authorized United States district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although this statute uses the same "arising under" language as Article III, the Supreme Court has held that section 1331 confers less jurisdiction on the federal courts than the Constitution permits. *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983) ("Although the language of § 1331 parallels that of the 'arising under' clause of Article III, this Court never has held that statutory 'arising under' jurisdiction is identical to Article III 'arising under' jurisdiction. Quite the contrary is true."); *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 379 (1959) (noting the reluctance of the Supreme Court "to expand the jurisdiction of the federal courts through a broad reading of jurisdictional statutes"). "Jurisdiction of the lower federal courts" therefore "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

To determine whether it enjoys federal-question jurisdiction over an action, a court first must look at the subject matter of the "well-pleaded complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Calif.*, 463 U.S. 1, 9-

10 (1983); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)

(observing that "a suit arises under the Constitution and laws of the United States

only when the plaintiff's statement of his own cause of action shows that it is based

upon" federal law). Federal-question jurisdiction exists "when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*

*v. Williams*, 482 U.S. 386, 392 (1987); *see Rivet v. Regions Bank of La.*, 522 U.S.

470, 475 (1998). Courts look to the substance, not merely the labels, of the plaintiff's

claims as contained in his complaint. *See Mosher v. City of Phoenix*, 287 U.S. 29,

30 (1932). Through the well-pleaded complaint rule, the "plaintiff is absolute master

of what jurisdiction he will appeal to." *Healy v. Sea Gull Specialty Co.*, 237 U.S.

479, 480 (1915); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23 (1913)

(observing that "the party who brings a suit is master to decide what law he will rely

upon").

A civil action "arises under" federal law at least when a federal statute creates

the cause of action. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260

(1916); *see Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012); *Hudson*

*Ins. Co. v. Am. Elec. Corp.*, 957 F.2d 826, 828 (11th Cir. 1992). That is, "federal

jurisdiction attaches when federal law creates the cause of action asserted." *Merrill*

*Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016); *Mims*,

565 U.S. at 378 (observing that "when federal law creates the cause of action and

furnishes the substantive rules of decision, the claim arises under federal law, and

the district courts possess federal-question jurisdiction under § 1331"). Indeed, "the

vast majority of cases brought under the general federal-question jurisdiction of the

federal courts are those in which federal law creates the cause of action." *Merrell*

*Dow Pharm., Inc.*, 478 U.S. at 808; *see Grable & Sons Metal Prod., Inc. v. Darue*

*Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting that federal-question jurisdiction

under section 1331 "is invoked by and large by plaintiffs pleading a cause of action

created by federal law"). Courts initially look to see if a federally-created right is an

essential element of a plaintiff's cause of action. *Gully v. First Nat'l Bank*, 299 U.S.

109, 112 (1936) ("To bring a case within the statute, a right or immunity created by

the Constitution or laws of the United States must be an element, and an essential

one, of the plaintiff's cause of action.").

      Here, Plaintiff's complaint against Defendant states:

1. This is an action to evict a tenant from real property in Bay County, Florida.
2. Plaintiff owns 104 N Gulf Drive, Unit F, Panama City Beach, Bay County, Florida 32413.
3. Defendant has possession of the property under an expired written Lease to pay rent in the amount of $1,650.00 a month. A copy of the Lease is attached hereto as Exhibit "A".
4. Defendant failed to pay the rent for May 2021.
5. Plaintiff served Defendant with a notice on July 6, 2021 to pay the rent or deliver possession but Defendant refuses to do either. A copy of the notice is attached hereto as Exhibit "B."

Wherefore, Plaintiff demands judgment for possession of the property against Defendant and the payment of any rent monies deposited into the court registry as a result of this case.

Doc. 1-4 at 6.

The face of Plaintiff's complaint reveals no basis for the District Court to exercise federal-question jurisdiction. More specifically, the eviction process for failure to pay rent is governed by state law, not federal law. There is no federal law that creates the asserted cause of action. Nor does Plaintiff's right to relief necessarily depend on the resolution of a substantial question of federal law.

It appears that Defendant would like to assert federal law as a defense. *Id.* at 3. Regardless, federal-question jurisdiction exists "only when a federal question is presented on the face of the ***plaintiff's*** properly pleaded complaint." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc.*, 482 U.S. at 392). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm., Inc.*, 478 U.S. at 808 (citing *Mottley*, 211 U.S. at 152). Thus, Defendant has failed to allege sufficiently in its notice of removal that *Plaintiff's* claim presents a federal question.

Accordingly, Defendant has failed to carry its burden of demonstrating that the District Court enjoys federal-question jurisdiction over the instant case.

### III. Conclusion

Because the District Court does not enjoy subject-matter jurisdiction over this action, the undersigned respectfully **RECOMMENDS** that this action be **REMANDED** to the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

At Pensacola, Florida, this 16th day of November, 2021.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**